The People of the State of New York, Respondent, v. Lester Meyers, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of the crimes of endangering the health and morals of a child (Penal Law, § 483) and assault in the third degree, and from the sentence imposed. Judgment affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Wenzel, Beldock, Murphy and Ughetta, JJ., concur. Nolan, P. J., dissents and votes to reverse the judgment and to dismiss the information, with the following memorandum: Appellant has been convicted on the testimony of a nine-year-old child of endangering her health and morals and of assaulting her by acts alleged to have been committed on or about July 13, 1953, and at divers times immediately prior thereto. We may presume that the charge against appellant, including the date alleged, was based upon information given by the infant complainant. On trial, however, she did not testify concerning any act committed on or about that date. One incident occurred, according to her testimony, on a Saturday and others occurred " one time — a lot of times — not too many times." No dates were established for these occurrences. Apparently, on a previous occasion, she had stated to a police officer who investigated the complaint that there was but one such occurrence. Although she had previously stated that one such incident occurred in the bathroom of appellant's apartment, on trial she testified that she thought that what took place occurred in the living room, until her attention was called to her previous statement. She did not know whether anyone else was present on the occasions as to which she testified, except one occasion, long after July 13th. On that occasion, according to her testimony there were three other children present. Concededly, she did not tell her mother about the incidents complained of until months after the alleged occurrences. Appellant is a married man, who has two small children of his own, and apparently, until his arrest and conviction on this charge, bore an excellent reputation. He testified in his own defense, and denied that any of the incidents complained

of had occurred. If appellant is guilty of the offense charged against him, he should not escape punishment. However, the charge and the consequences of a conviction are so serious, and the most definite testimony as to such occurrences is so difficult to answer, that testimony as vague, indefinite and equivocal as that given against appellant should be held, as a matter of law, to be insufficient to establish guilt beyond a reasonable doubt.